UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 7

Baharat G. Devani                                                   Case No. 14-44924-cec
*aka* Peter Devani
*aka* Peter Diwani,

                              Debtor(s).

------------------------------------------------------------x

John Desiderio,
                                                                    Adv. Pro. No. 15-01162-cec
                              Plaintiff,

        -against-

Baharat G. Devani
*aka* Peter Devani
*aka* Peter Diwani,

                              Defendant.
------------------------------------------------------------x


DECISION ON MOTION FOR SUMMARY JUDGMENT



APPEARANCES

John S. Desiderio, Esq.                     Muzammil Ahmad Jamil, Esq.
Law Office of John S. Desiderio, PC         Ballon Stoll Bader & Nadler, PC
2417 Jericho Tpke #535                      729 Seventh Avenue, 17th Floor
Garden City, New York 11040                 New York, New York 10019
*Counsel for Plaintiff, John Desiderio*     *Counsel for Defendant, Baharat G. Devani*


CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion for summary judgment of John Desiderio ("Plaintiff") seeking a denial of discharge of Baharat G. Devani (the "Debtor" or "Defendant") pursuant to §§ 727(a)(3), 727(a)(4)(A), and 727(a)(5) of the Bankruptcy Code.[1] Plaintiff alleges that Defendant failed to keep or preserve records sufficient to ascertain Defendant's financial condition or business transactions, knowingly made false oaths or accounts in connection with this case, and failed to satisfactorily explain the loss of certain assets. For the reasons stated below, the motion for summary judgment is granted and Defendant's discharge is denied.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The facts set forth below are not in dispute except where otherwise noted.

On September 29, 2014 (the "Filing Date"), Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code. (Petition, Case No. 14-44924, ECF No. 1.)[2] Defendant previously filed a voluntary petition under chapter 7 of the Bankruptcy Code on November 16, 2006 (Petition, Case No. 06-44412, ECF No. 1.) That case was dismissed by order entered March 18, 2009. (Order Dismissing Case, Case No. 06-44412, ECF No. 54.)

Defendant is in the business of buying and selling nutritional supplements. (Mot. for Sum. J. ¶ 25, ECF No. 13-1; Mot. for Sum. J. Ex. J. 35:10-24, ECF No. 13-18.) He conducted this

---

[1] All statutory references refer to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise indicated.
[2] All references to "ECF No." refer to the docket in this adversary proceeding, Adv. Pro. No. 15-01162, unless otherwise indicated.

business most recently through a company called Veda Medica, LLC ("Veda Medica"), a company co-owned by himself, his wife, and his son. (Mot. for Sum. J. Ex. J. 35:10-24, ECF No. 13-18; Schedule B, ECF No. 1.) Defendant previously conducted business through several other companies including Riddhi Siddhi, Inc., Nutrifood, Inc., and Maximum Health, Inc. ("Maximum Health"). (Mot. for Sum J. Ex. Q, ECF No. 13-37.) Defendant owned Maximum Health with a business partner, Mindy Lamantia. (Def.'s Aff. in Opp'n ¶¶ 13-14, Case No. 14-44924, ECF No. 98.) According to the Debtor, Ms. Lamantia was in charge of the administration of this company and was responsible for all the books and records. (Id.)

Plaintiff is a judgment creditor of Defendant and holds three judgments, including one judgment for sanctions awarded in this case, against Defendant. (Separate Statement of Material Facts ¶¶ 30, 33, 37, 41, ECF No. 13-2 (hereinafter "Pl.'s Facts").) On November 20, 2014, Plaintiff filed a motion for examination of Defendant pursuant to Fed. R. Bankr. P. 2004 (the "Rule 2004 Motion"). (Motion for 2004 Examination, Case No. 14-44924, ECF No. 19.) The Rule 2004 Motion was granted by order entered February 5, 2015. (Order Authorizing Examination, Case No. 14-44924, ECF No. 37.) That order authorized Plaintiff to subpoena documents from Defendant, including bank statements, tax returns, and other financial records relating to Defendant's businesses as well as Defendant's personal bank statements, tax returns, and proof of income. (Motion for 2004 Examination, Schedule 1, Case No. 14-44924, ECF No. 19-1.)

In response to the subpoena, Defendant failed to produce the majority of the requested documents: he produced only partial personal and business bank statements, a single tax return for one of his businesses, and a single personal tax return. (Mot. for Sum. J. ¶¶ 140, 146, 148, ECF No. 13-1.) Defendant does not contest that he failed to produce the majority of the documents

requested. (Def.'s Aff. in Opp'n ¶ 30, ECF No. 30.) Rather, Defendant states that he "made multiple submissions" and "produced everything that was available to him in his possession." (Id.)

On September 12, 2015, Plaintiff commenced the instant adversary proceeding seeking a denial of Defendant's discharge. (Compl., ECF No. 1.) On January 24, 2016, Plaintiff filed a motion for summary judgment pursuant to §§ 727(a)(3), 727(a)(4)(A), and 727(a)(5) (the "Summary Judgment Motion"). (Mot. For Sum. J., ECF No. 13.) On April 7, 2016, Defendant filed an Affirmation in Opposition to the Summary Judgment Motion (the "Opposition").[3] (Def.'s Aff. in Opp'n, Case No. 14-44924, ECF No. 98.) On April 12, 2016, Plaintiff filed a reply to the Opposition. (Pl.'s Reply, ECF No. 18.) On April 28, 2016, a hearing was held on the Summary Judgment Motion and the Court reserved decision.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling upon a summary judgment motion, the Court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir.2000) (citing <u>Delaware & Hudson Railway Co. v. Consolidated Rail Corp.</u>, 902 F.2d 174, 177 (2d Cir.1990)), cert. denied, 540 U.S. 811, 124 S.Ct. 53, 157 L.Ed.2d 24 (2003). "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on

---

[3] The Opposition was erroneously filed in the main case, Case No. 14-44924, rather than this adversary proceeding, Adv. Pro. No. 15-01162.

self-serving conclusory statements." <u>Rosenman & Colin LLP v. Jarrell (In re Jarrell)</u>, 251 B.R. 448, 450–51 (Bankr. S.D.N.Y. 2000) (citations omitted). Here, the material facts are not in dispute.

DISCUSSION

Plaintiff argues that Defendant should be denied a discharge pursuant to §§ 727(a)(3), 727(a)(4), and 727(a)(5) because Defendant failed to keep or preserve records necessary to determine his financial condition or business transactions, knowingly and fraudulently made numerous false oaths or accounts, and failed to adequately explain the loss of certain assets. Denial of discharge is an extreme penalty, and therefore, § 727 must be construed strictly against the objector and liberally in favor of the debtor. <u>State Bank of India v. Chalasani (In re Chalasani)</u>, 92 F.3d 1300, 1310 (2d Cir. 1996). Courts must exercise even greater caution when considering denial of discharge sought by motion for summary judgment. <u>State Bank of India v. Sethi (In re Sethi)</u>, 250 B.R. 831, 839 (Bankr. E.D.N.Y. 2000). However, a discharge in bankruptcy is a privilege, not a right, and is reserved only for the honest but unfortunate debtor. <u>Christy v. Kowalski (In re Kowalski)</u>, 316 B.R. 596, 600-01 (Bankr. E.D.N.Y. 2004).

Overall, Defendant's conduct in this case, as well as his deposition testimony submitted by Plaintiff in support of the Summary Judgment Motion, shows a blatant disregard for his responsibilities as a debtor. Defendant repeatedly stated that he did not know what was in his petition or schedules filed in this case. He just signed them assuming the information was correct. His testimony also shows that he made no effort whatsoever to comply with his disclosure obligations other than producing documents he happened to have in his possession. Defendant's failure to comply with the most basic responsibilities of a debtor in bankruptcy leads to the conclusion that he is not entitled to a discharge.

A.    <u>Failure to Keep or Preserve Records Under § 727(a)(3)</u>

Section 727(a)(3) denies discharge to a debtor when "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information…from which the debtor's financial condition or business transactions may be ascertained, unless such act or failure to act was justified under all the circumstances of the case." 11 U.S.C. § 727(a)(3). The purpose of this section is "to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs." <u>D.A.N. Joint Venture v. Cacioli (In re Cacioli)</u>, 463 F.3d 229, 234 (2d Cir. 2006) (citation omitted).

The initial burden under § 727(a)(3) lies with the plaintiff, who must "show that the debtor failed to keep and preserve any books or records from which the debtor's financial condition or business transactions might be ascertained." <u>Cacioli</u>, 463 F.3d at 235. Once the plaintiff has shown the absence or inadequacy of records, the burden shifts to the debtor to justify his failure to produce them. <u>Id.</u> This explanation must consist of "more than vague and general assertions that assets or records are no longer available." <u>Sethi</u>, 250 B.R. at 839.

In assessing whether the debtor's failure to produce records is justified, the court will examine the particular circumstances of the case and ask "what a normal, reasonable person would do under similar circumstances." <u>Cacioli</u>, 463 F.2d at 235; <u>Meridian Bank v. Alten</u>, 958 F.2d 1226, 1231 (3d Cir. 1992). "[T]he debtor is not required to keep an impeccable system of bookkeeping or records so complete that he can satisfy an expert in business," but is required to produce sufficient records from which the court and the creditors can gain an accurate and complete picture of the debtor's finances. <u>Sethi</u>, 250 B.R. at 838. The test for justification will also take into account "what can be expected of the type of person and type of business involved." <u>Cacioli</u>, 463 F.3d at

235 (quoting Morris Plan Indus. Bank of N.Y. v. Dreher, 144 F.2d 60, 61 (2d Cir. 1944)). In evaluating the debtor's circumstances, courts will consider several factors, including:

> 1. Whether the debtor was engaged in business, and if so, the complexity and volume of the business;

> 2. The amount of the debtor's obligations;

> 3. Whether the debtor's failure to keep or preserve books and records was due to the debtor's fault;

> 4. The debtor's education, business experience and sophistication;

> 5. The customary business practices for record keeping in the debtor's type of business;

> 6. The degree of accuracy disclosed by the debtor's existing books and records;

> 7. The extent of any egregious conduct on the debtor's part; and

> 8. The debtor's courtroom demeanor.

Christy v. Kowalski (In re Kowalski), 316 B.R. 596, 602 (Bankr. E.D.N.Y. 2004) (citing Krohn v. Frommann (In re Frommann), 153 B.R. 113, 117 (Bankr. E.D.N.Y. 1993)).

*1. Defendant's Business Records*

Defendant has been in business since at least 2001. Since that time, he has owned or been involved with the management of several businesses, including Maximum Health and Veda Medica. Despite this, Defendant claims to be an unsophisticated businessman. However, even crediting Defendant's assertion, his failure to keep or preserve records still falls well below what would be expected of normal, reasonable person in the same circumstances. Defendant produced almost no records regarding either of these businesses. All defendant produced in this case was a single, unsigned tax return for Maximum Health, partial bank statements for some of the bank accounts, and a profit and loss sheet for Veda Medica. Such records are insufficient to give any party an accurate and complete picture of Defendant's finances. Thus, Plaintiff has made a *prima*

*facie* showing that Defendant failed to produce sufficient records. The burden now shifts to Defendant to show that such failure was justified.

Defendant attempts to explain his failure to produce records regarding his businesses by asserting that he was not responsible for keeping such records. With respect to Maximum Health, Defendant testified that his business partner, Mindy Lamantia, controlled the business and handled the administrative responsibilities. (Mot. for Sum. J. 38:4-12, ECF No. 13-18; Def.'s Aff. in Opp'n ¶ 13, Case No. 14-44924, ECF No 98.) He also stated that he "did not keep or have access to records" of Veda Medica. (Def.'s Aff. in Opp'n ¶ 19, Case No. 14-44924, ECF No. 98.) Veda Medica, however, was owned solely by members of Defendant's family, and all the records of that business were under the control of Defendant or members of Defendant's immediate family. With respect to Veda Medica, Defendant's contention that he did not have access to the business records are not a valid excuse for his failure to keep or preserve records.

Defendant further testified that his business was not very complex, consisting mainly of selling products on Amazon. (Mot. for Sum. J. Ex. J. 35:10-24, ECF No. 13-18.) Plaintiff did not contest this. Defendant also stated that "the business was heavily in debt and it was in danger of being shut down." (Def.'s Aff. in Opp'n ¶ 19, Case No. 14-44924, ECF No. 98.) On the Filing Date, Veda Medica only had $80,000.00 of working capital. (Id.) However, a Profit and Loss sheet for Veda Medica covering January to September 2014 filed in Defendant's bankruptcy case shows gross income of between $65,000.00 and $100,000.00 per month. (Aff. of Income, Case No. 14-44924, ECF No. 17.) Veda Medica was on track to bring in between $780,000.00 to $1.2 million in revenue for 2014. From this, it is clear that the volume of Veda Medica's business was not insignificant.

Moreover, "the fact that a business is small does not, by itself, justify failure to keep records." <u>Moreo v. Rossi (In re Moreo)</u>, 437 B.R. 40, 52 (E.D.N.Y. 2010). Whether or not Veda Medica's business is complex, it brought in significant revenue, and a normal, reasonable person running this sort of business would be expected to keep basic financial records. Yet Defendant has failed to produce even the most basic records for Veda Medica. He has not produced any financial documents such as balance sheets or other accounting records other than a single-page profit and loss statement. When asked about such financial records, Defendant testified that the bank statements and credit card statements were the business' financial records. (Mot. for Sum. J. Ex. J, 58:2-11, ECF No. 13-19.) Yet, Defendant failed to produce nearly all of the bank statements for any of the accounts associated with his businesses. Further, Defendant failed to produce any tax returns for his businesses except for a single, unsigned return from 2012 for Maximum Health. Defendant's negligible business records, considered in light of the complexity and volume of his businesses, does not meet the standards required of a debtor in bankruptcy.

Defendant also asserts that he met his obligations because he produced all documents in his possession. This is not a valid excuse, particularly in light of Defendant's testimony that he relied on bank statements as his accounting records. If such bank statements were not in Defendant's possession, he could have requested them from the relevant banks. Similarly, Defendant could have requested copies of tax returns from his accountant or directly from the Internal Revenue Service. Defendant did none of these things. He made no attempt to fulfill his disclosure obligations as a debtor in bankruptcy other than turning over what he happened to have in his possession. Such disclosure is not sufficient. <u>U.S. v. Craig (In re Craig)</u>, 252 B.R. 822, 828 (Bankr. S.D. Fla. 2000) ("The debtor has an affirmative duty to provide such documents, and the trustee and creditors 'are not required to ferret out' the required records.") (quoting <u>Govaert v.</u>

8

Southern Nat'l Bank of N.C. (In re Caserta), 182 B.R. 599, 611 (Bankr.S.D. Fla.1995). The schedule of documents requested in Plaintiff's Rule 2004 Motion specifically requested bank statements and cancelled checks for all Defendant's businesses. Debtor, as an owner of the businesses, had both the ability and the obligation to request full bank statements from his banks. He offered no justification in this proceeding for his failure to request records under his control. Defendant's actions far fall below even the minimum disclosure requirements for a debtor seeking a discharge in bankruptcy.

Defendant has failed to keep or preserve sufficient records regarding his businesses and has failed to offer any justification that would excuse his failure. Therefore, denial of discharge is warranted in this case.

### 2. Defendant's Personal Records

In addition to failing to produce sufficient records regarding his businesses, Defendant also failed to produce any meaningful information regarding his personal finances. Among other things, Defendant failed to produce income tax returns for 2008-2010 and 2011-2014; he failed to produce full bank statements for his several personal bank accounts;[4] and he failed to produce any documentation of his income other than an affidavit. (Mot. for Sum. J. ¶¶ 142, 146, ECF No. 13-1; Pl.'s Facts ¶¶ 109, 117-119, ECF No. 13-2.) From this information, it is impossible for the Court or Defendant's creditors to get an accurate and complete picture of his finances. Plaintiff has met his burden under § 727(a)(3) to show that Defendant has failed to produce sufficient records of his personal finances.

---

[4] It is unclear from the record exactly how many bank statements Defendant produced. Plaintiff alleged in the Summary Judgment Motion that Defendant only produced partial bank statements for some of his personal accounts. (Mot. for Sum. J. ¶ 142, ECF No. 13-1; Pl.'s Facts ¶¶ 117-119, ECF No. 13-2.) In response, Defendant does not dispute that he did not produce full bank statements. (Aff in Opp'n ¶ 30, Case No. 14-44924 ECF No. 98.)

In response to this failure, Defendant simply states that he has made "full disclosure," "made multiple disclosures," and "produced everything in his record." (Aff in Opp'n ¶¶ 25-27, Case No. 14-44924 ECF No. 98.) First, Defendant has not made "full disclosure." A single affidavit regarding Defendant's income is insufficient to meet his disclosure obligations. Without some sort of supporting documentation, the Court and creditors cannot verify Defendant's income. Similarly, it is impossible to for any party to ascertain any meaningful picture of Defendant's personal finances without copies of his bank statements and tax returns. Even if Defendant had produced all his tax returns, such records would be insufficient to meet his obligations. See Sethi, 250 B.R. at 839 (holding that tax returns and W-2 forms alone are insufficient to ascertain the debtor's financial condition). Further, incomplete bank statements are insufficient. A party seeking to ascertain a debtor's financial condition is entitled to access to full bank statements in order to determine the source and use of funds received and disbursed by the debtor. Agai v. Antoniou (In re Antoniou), 515 B.R. 9, 21 (Bankr. E.D.N.Y. 2014).

Second, as discussed above, Defendant's assertion that he produced what "was available to him in his possession" is not a sufficient justification for his failure to produce financial records. (Aff in Opp'n ¶ 30, Case No. 14-44924, ECF No. 98.) Defendant cannot meet his burden through vague, general, or conclusory assertions that records are not available. Sethi, 250 B.R. at 839. Plaintiff's Rule 2004 Motion specifically requested bank statements and tax returns relating to Defendant's personal finances. If Defendant did not have them in his possession, he had the ability and the obligation to obtain them.

Defendant has failed to produce any meaningful records regarding his personal finances and has failed to offer any justification that would excuse his failure. Therefore, denial of discharge is warranted in this case.

B.    <u>Other Claims</u>

Plaintiff also seeks denial of Defendant's discharge under §§ 727(a)(4) and (5) in the Summary Judgment Motion. As there are ample grounds for denial of discharge under § 727(a)(3), the claims under §§ 727(a)(4) and (5) will not be addressed.

<u>CONCLUSION</u>

For the reasons stated above, the Summary Judgment Motion is granted and Defendant is denied a discharge pursuant to § 727(a)(3). A separate order will issue.



**Dated: Brooklyn, New York**
**July 7, 2016**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**